UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID R. FINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-80** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | **SECTION I** |

### ORDER AND REASONS

The Court has pending before it a motion[1] filed by plaintiff, David R. Fine, to remand the above-captioned matter to state court. Defendant, State Farm Fire & Casualty Company ("State Farm"), has filed an opposition,[2] to which plaintiff has filed a reply.[3] For the following reasons, plaintiff's motion to remand is **GRANTED**.

### BACKGROUND

This case arises out of alleged damage to plaintiff's house incurred during Hurricane Isaac.[4] Plaintiff filed a lawsuit in Civil District Court for the Parish of Orleans on December 16, 2014 against State Farm as well as Bowman Roofing, LLC, and Tommy Bowman (collectively, "the Bowman defendants").[5] With respect to the Bowman defendants, plaintiff alleges that they "provided roofing work on the house located on the property owned by plaintiff . . . prior to the subject hurricane" and "failed to provide adequate and appropriate roofing construction to the

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 12.
[3] R. Doc. No. 15.
[4] R. Doc. No. 1-1, at 4.
[5] R. Doc. 1-1.

1

Property and thus caused damage to the roof and interior of the house."[6] With respect to State Farm, plaintiff alleges that it insured the house but "has failed to pay the plaintiff the sum due him under the policy for repair and replacement of the damaged Property and its contents," and furthermore that State Farm told plaintiff "that roofing installation done by [the Bowman] defendants . . . prior to the subject hurricane, was faulty and inappropriate" and resulted in damage to the roof and house during the hurricane.[7]

State Farm removed the case to this Court on the basis of diversity jurisdiction, contending that the Bowman defendants are "both citizens of Louisiana [and] have been improperly and fraudulently joined with State Farm."[8] Plaintiff has now filed a motion[9] to remand which is fully briefed and ripe for decision.

## STANDARD

The Court has jurisdiction over a removed action if it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden to establish the existence of jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). "To determine whether

---

[6] R. Doc. No. 1-1, at 3, 5. Plaintiff does not expressly allege the citizenship of either Tommy Bowman or Bowman Roofing, LLC. *See* R. Doc. No. 1-1, at 3 ("Defendant, Bowman Roofing, LLC . . . is a local business, authorized to do and doing business in the State of Louisiana . . . ."; "Defendant, Tommy Bowman, is an individual, authorized to do and doing business in the State of Louisiana . . . ."). Nonetheless, the premise of State Farm's removal and opposition to remand is that the Bowman defendants are nondiverse from plaintiff. R. Doc. 12, at 6 ("[P]laintiff's joinder of the nondiverse Bowman Defendants, both citizens of Louisiana, cannot defeat subject matter jurisdiction in this court because the claims against the Bowman Defendants and suit against those defendants along with State Farm are improperly and fraudulently joined.").
[7] R. Doc. No. 1-1, at 3-4.
[8] R. Doc. No. 1, at 8.
[9] R. Doc. No. 11.

2

jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed." *J.O.B. Invs., LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 773 (E.D. La. 2012) (Vance, C.J.) (citing *Manguno*, 276 F.3d at 723).

## LAW AND ANALYSIS

The only jurisdictional basis at issue is diversity jurisdiction and the jurisdictional amount in controversy is not disputed.[10] The parties agree that the Bowman defendants are nondiverse from plaintiff.[11] The presence of the Bowman defendants in the case, if proper, defeats complete diversity of citizenship and requires remand to state court, as plaintiff contends in his motion.[12] In opposition, State Farm contends that the Court should ignore the citizenship of the Bowman defendants because plaintiff egregiously misjoined its claims against them with its unrelated claim against State Farm in order to defeat complete diversity.[13]

"[A] defendant may remove by showing that the nondiverse party was joined fraudulently[14] due to plaintiff's inability to establish a claim under state law against the nondiverse defendant or due to fraud in the pleading of jurisdictional facts." *Id.* at 774. State Farm does not urge either of those theories of improper joinder in favor of exercising jurisdiction. Instead, State Farm relies on

---

[10]R. Doc. No. 15, at 1.
[11]R. Doc. No. 11-2, at 1; R. Doc. No. 12, at 6-7.
[12]R. Doc. No. 11-2, at 1.
[13]R. Doc. No. 12, at 1-2.
[14]The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder," although "there is no substantive difference between" the two phrases. *See Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

a "third type" of improper joinder, sometimes called *Tapscott* misjoinder, which applies "in instances in which the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant and there is no joint, several or alternative liability." *See id.* at 774 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).[15]

The Louisiana Code of Civil Procedure defines "cumulation of actions" as "the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." La. Code Civ. Proc. art. 461.[16] A plaintiff in Louisiana state court may cumulate claims against multiple defendants if "[t]here is a community of interest between the parties joined." La. Code Civ. Proc. art. 463. "The Louisiana Fourth Circuit Court of Appeal has stated that a 'community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it

---

[15]The Court assumes for the sake of argument that *Tapscott* misjoinder is viable. *See Richmond v. Chubb Grp. of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *6 (E.D. La. Sept. 20, 2006) (Africk, J.) (assuming that *Tapscott* misjoinder is recognized in the Fifth Circuit for the purpose of resolving motion to remand); *see also J.O.B. Invs.*, 908 F. Supp. 2d at 775 ("Because the Fifth Circuit appears to have endorsed this principle and courts in the Eastern District of Louisiana have consistently applied *Tapscott*, the Court finds that defendants may argue that plaintiff's claims against its insurers and against the contractors have no real connection and thus are egregiously misjoined.").

[16] "Louisiana federal courts have not been of one mind" with respect to whether the egregious joinder analysis should look to state or federal joinder rules. *J.O.B. Invs.*, 908 F. Supp. 2d at 775 (footnote omitted). Application of state joinder law is logical "since plaintiffs must follow state joinder rules in bringing their claims, and fraudulent joinder analysis requires federal courts to look at the substantive law of the state in which the action was brought to determine whether plaintiffs can state a claim." *Id.*; *see also Richmond*, 2006 WL 2710566, at *6 n.28 ("[T]he relevant question is not whether plaintiffs properly joined [defendants] under Rule 20(a) but whether they were properly joined under Louisiana law."). In this case, the Court will look to Louisiana joinder rules because the outcome would not be different if federal joinder rules governed the issue.

commonsensical to litigate them together.'" *J.O.B. Invs.*, 908 F. Supp. 2d at 776 (quoting *Mauberret-Lavie v. Lavie*, 850 So. 2d 1, 2 (La. App. 4 Cir. 2003)).

The Court finds *J.O.B. Investments* to be factually similar and persuasive. In *J.O.B. Investments*, an insured property owner suffered damages from a broken air conditioning unit and sued both its maintenance contractor and its insurer in state court. *See id.* at 773. The insurer removed the case on a theory of *Tapscott* misjoinder. *See id.* In granting the property owner's motion to remand, the court found factual commonalities because "a central issue in plaintiff's claims against the contractors and the insurers is the cause of the air conditioning unit's malfunction." *Id.* at 777. The court also concluded that "although the legal nature of the claims is different, the overlap of significant factual questions suggests that plaintiff's claims against the contractors and the insurance companies" were sufficiently related for the purpose of Louisiana's rules governing joinder. *Id.* at 778.

Having reviewed the parties' arguments in this case, the Court finds that the pre-hurricane condition of plaintiff's roof is a fact question common to plaintiff's claims against both the Bowman defendants and State Farm. State Farm states that the Bowman defendants caused damage to plaintiff's house and that it denied plaintiff's insurance claim in part because "his roof problems were related to the roof and/or installation of the roof by the Bowman defendants."[17] If State Farm is correct, then plaintiff potentially has recourse against the Bowman defendants. If State Farm erred by denying coverage in part on that basis, then plaintiff potentially has recourse against State Farm. This common fact question is "enough factual overlap . . . to make it commonsensical to litigate"

---

[17]R. Doc. No. 12, at 3; *see also* R. Doc. 12-1, at 1-2 (explaining that damage to "your slate roofing system is a result of wear, tear, and maintenance" subject to policy exclusion).

these claims together, rather than to compel plaintiff to litigate the claims separately and face the risk of inconsistent verdicts based on inconsistent findings regarding the pre-storm condition of his roof. *Id.* at 776 (internal quotation marks omitted). As in *J.O.B. Investments*, "although the legal nature of the claims is different," the factual overlap makes joinder proper in these circumstances. *Id.* at 778.

The cases on which State Farm relies in support of finding misjoinder are distinguishable. Most of the cases involve attempted joinder of claims against insurance companies with claims based on *post*-casualty repairs. *See Savoie v. Safeco Ins. Co. of Am.*, No. 06-7808, 2007 WL 675304, at *1 (E.D. La. Feb. 27, 2007) (Fallon, J.) ("The Plaintiff's claims against S & S Home Improvements, however, are wholly independent allegations of improper construction and repair that occurred months after Hurricane Katrina."); *Milliet v. Liberty Mut. Ins. Co.*, No. 07-7443, 2008 WL 147821, at *3 (E.D. La. Jan. 11, 2008) (Engelhardt, J.) (finding that the plaintiff misjoined a claim against his insurer with a claim based on a "post-Katrina construction contract"); *Bowman v. Horace Mann Ins. Co.*, No. 07-7056, 2008 WL 282760, at *1-2 (E.D. La. Jan. 30, 2008) (finding improper joinder of claim against insurer and post-hurricane contractor). Unlike those cases, plaintiff's claim against the Bowman defendants implicates pre-accident repairs which were a factor in State Farm's adjustment of plaintiff's insurance claim. Accordingly, there is a level of factual overlap present in this case that was absent from *Savoie*, *Milliet*, and *Bowman*.

State Farm also cites two Hurricane Katrina cases in which plaintiffs attempted to join claims against insurers with negligence claims against governmental entities responsible for flood control.[18] *See Berthelot v. Boh Bros. Constr. Co.*, No. 05-4182, 2006 WL 1984661, at *12 (E.D. La. June 1,

---

[18]R. Doc. No. 12, at 12-13.

2006) (Duval, J.); *Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *2 (E.D. La. Aug. 30, 2006) (Feldman, J.). Those cases are plainly "distinguishable from the present dispute by [their] complexity, which necessitated the separation of claims that shared only a narrow factual basis." *J.O.B. Investments*, 908 F. Supp. 2d at 778 (distinguishing *Berthelot*).

In sum, plaintiff's claims against the Bowman defendants and State Farm involve a sufficient factual overlap and joinder of the claims is proper, or at least not so egregiously improper as to warrant an application of the *Tapscott* principle. Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** for lack of subject matter jurisdiction and that the above-captioned matter is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, April 21, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**